# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# LAREDO DIVISION

| | |
|---|---|
| PNC BANK, NATIONAL ASSOCIATION,<br>    Plaintiff,<br><br>v.<br><br>MICHAEL A. HOCHMAN,<br>MICHAEL A. HOCHMAN M.D., P.A.,<br>CLEAR VISION EXPRESS, LTD.,<br>CLEAR VISION EXPRESS TUCSON,<br>LLC, and CVE ARIZONA<br>OPTOMETRY, LLC<br>    Defendants. | CIVIL ACTION NO. 5:22-CV-00078 |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE COURT:

Plaintiff PNC Bank, National Association, as successor in interest to BBVA USA, formerly known as Compass Bank ("**Plaintiff**" or "**PNC Bank**") files this First Amended Complaint against Defendants Michael A. Hochman, Michael A. Hochman M.D., P.A., Clear Vision Express, Ltd., Clear Vision Express Tucson, LLC, and CVE Arizona Optometry, LLC, and in support, respectfully shows:

### I.    PARTIES

1. Plaintiff PNC Bank, National Association, is a duly organized and existing national banking association with headquarters and principal place of business in Wilmington, Delaware. PNC Bank conducts business in Texas and maintains branches in Laredo, Texas.

2. Defendant Michael A. Hochman ("**Dr. Hochman**") is an individual citizen of Texas who resides in Laredo, Texas, and may be served with process at his residence in Laredo, Texas, or wherever he may be found.

3. Defendant Michael A. Hochman M.D., P.A. (the "**PA**") is a Texas Professional Association with its principal place of business in Laredo, Texas. Dr. Hochman, a citizen of Texas and resident of Laredo, Texas, is the member and President of the PA. On information and belief, there are no other members of the PA. The PA may be served with process via its registered agent: Michael A. Hochman, at 5313 McPherson Rd., Laredo, Texas 78041 or wherever he may be found.

4. Defendant Clear Vision Express, Ltd. ("**CVE Ltd**.") is a Texas Limited Partnership with a principal place of business in Laredo, Texas. The sole general partner of CVE Ltd. is Optical Express, LLC, a Texas Limited Liability Company with a principal place of business in Laredo, Texas. The principal member and manager of Optical Express, LLC is Dr. Hochman, who is a citizen of Texas and resident of Laredo, Texas. Plaintiff is not aware of the existence or identity of any other partners of CVE Ltd. Further, on information and belief, there are no other members of Optical Express, LLC. CVE Ltd. may be served with process via its registered agent: Michael A. Hochman, at 1720 S. Zapata Hwy, Laredo, Texas 78046 or wherever he may be found.

5. Defendant Clear Vision Express Tucson, LLC ("**CVE Tucson**") is a Texas Limited Liability Company with a principal place of business in Laredo, Texas. The member and President of CVE Tucson is Dr. Hochman, who is a citizen of Texas and resident of Laredo, Texas. On information and belief, there are no other members of CVE Tucson. CVE Tucson may be served with process via its registered agent: Michael A. Hochman, at 1720 S. Zapata Hwy, Laredo, Texas 78046 or wherever he may be found.

6. Defendant CVE Arizona Optometry, LLC ("**CVE AZ Optometry**") is an Arizona Limited Liability Company with a principal place of business in either Laredo, Texas or Tucson, Arizona. The principal member and manager of CVE AZ Optometry is Michael A. Hochman, who is a citizen of Texas and resident of Laredo, Texas. On information and belief, there are no

other members of CVE AZ Optometry. CVE AZ Optometry may be served with process via its registered agent: Heather Hickson, at 6691 N. Thornydale Rd., Marana, Arizona 85741 or wherever she may be found.

## II.     JURISDICTION & VENUE

7. This Court has diversity jurisdiction over this action under 28 U.S.C. § 1332 because Defendants are each a citizen of a different state than Plaintiff, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Specifically, Plaintiff is a citizen of Delaware because its principal place of business, as designated in its articles of association, is in Delaware. Defendants, including the members thereof, are all citizens of either Texas or Arizona.

8. This Court has personal jurisdiction over Defendants because they purposefully availed themselves of the privileges and benefits of the laws of Texas by conducting business in Texas and by entering into various contracts with PNC Bank in Texas, which are performable in Texas, and which give rise to the causes of action contained herein. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-292 (1980); *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414 n.8 (1984); *Electrosource, Inc. v. Horizon Battery Techs.*, 176 F.3d 867, 872 (5th Cir. 1999).

9. Venue is proper in this district because a substantial part of the events or omissions giving rise to the claim occurred within this district. 28 U.S.C. § 1391(b)(2).

10. In addition, many of the loan documents at issue in this suit contain valid and enforceable forum-selection clauses, wherein the parties to those documents contractually agreed to submit to the jurisdiction of this district and division. The remaining loan documents at issue in this suit provided that PNC Bank has the right to bring any proceeding against any party to those

documents in any court of any jurisdiction and that Defendants would submit to the jurisdiction of any such court. *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 590-95 (1991); *Kevlin Servs., Inc. v. Lexington State Bank*, 46 F.3d 13, 15 (5th Cir. 1995).

### III. FACTUAL BACKGROUND

#### A. The Loan Documents.

11. Dr. Hochman is an ophthalmologist who through his various entities—the PA, CVE Ltd., CVE Tucson, and CVE AZ Optometry—owns several vision clinics in Laredo, Texas and Tucson, Arizona. Dr. Hochman utilizes those entities to practice medicine and otherwise conduct business.

12. Dr. Hochman through his various entities borrowed money from PNC Bank's predecessor-in-interest for certain business purposes (collectively, the "**Loans**").

13. As evidence of the Loans, Defendants (as borrowers) executed certain notes and/or loan agreements payable to PNC Bank's predecessor-in-interest (collectively, with all renewals, extensions, modifications, and/or changes in terms agreements, the "**Notes**") on the dates and for the amounts indicated below:

| Loan No. | Borrower | Title | Date | Amount | Exhibit |
|---|---|---|---|---|---|
| XXXXXX9879 ("**Loan 9879**") | The PA | Promissory Note | 07/06/2016 | $400,000.00 | A-1 |
| XXXXXX9828 ("**Loan 9828**") | CVE Ltd. | Promissory Note | 07/06/2016 | $1,200,000.00 | A-2 |
| XXXXXX66-26 ("**Loan 66-26**") | CVE Ltd. | Promissory Note | 06/09/2017 | $400,000.00 | A-3 |
| XXXXXX41-18 ("**Loan 41-18**") | CVE Tucson | Promissory Note | 07/19/2017 | $1,125,000.00 | A-4 |
| XXXXXX41-59 ("**Loan 41-59**") | CVE Tucson | Promissory Note | 07/19/2017 | $1,175,000.00 | A-5 |

| Loan No. | | Title | Date | Amount | |
|---|---|---|---|---|---|
| XXXXXX58-34 ("**Loan 58-34**") | CVE AZ Optometry | Promissory Note | 07/19/2017 | $150,000.00 | A-6 |
| XXXXXX58-42 ("**Loan 58-42**") | CVE AZ Optometry | Promissory Note | 07/19/2017 | $315,000.00 | A-7 |

14. True and correct copies of the Notes are attached hereto as **Exhibits A-1** through **A-7** and fully incorporated herein by reference.

15. The Loans were issued to Defendants by Compass Bank, an Alabama banking corporation. In 2019, Compass Bank changed its name to BBVA USA. In 2021, BBVA USA merged with and into PNC Bank. Through the merger, the ownership of the Notes was transferred from BBVA USA to PNC Bank. At present time, PNC Bank is the legal holder and owner of the Notes in due course. *See* Declaration of Peter McKernan, dated October 31, 2022, attached hereto as **Exhibit A**.

16. In connection with the Loans, Defendants executed the following loan agreements (collectively, with all renewals, extensions, modifications, and/or changes in terms agreements, the "**Loan Agreements**") on the dates, and by the parties indicated below:

| **Loan No.** | **Parties to the Agreement** | **Title** | **Date** | **Amount** |
|---|---|---|---|---|
| Loan 9879 | The PA and Dr. Hochman | Loan Agreement | 07/06/2016 | $400,000.00 |
| Loan 9828 | CVE Ltd., the PA, and Dr. Hochman | Loan Agreement | 07/06/2016 | $1,200,000.00 |
| Loan 41-18 | CVE Tucson | Business Loan Agreement | 07/19/2017 | $1,125,000.00 |
| Loan 41-59 | CVE Tucson | Business Loan Agreement | 07/19/2017 | $1,175,000.00 |
| Loan 58-34 | CVE AZ Optometry | Business Loan Agreement | 07/19/2017 | $150,000.00 |
| Loan 58-42 | CVE AZ Optometry | Business Loan Agreement | 07/19/2017 | $315,000.00 |

5

17. In connection with the Loans, Defendants also executed the following security agreements (collectively, with all renewals, extensions, modifications, and/or changes in terms agreements, the "**Security Agreements**") on the dates, and by the parties indicated below:[1]

| Loan No. | Parties to the Agreement | Title | Date | Amount |
|---|---|---|---|---|
| Loan 9879 | The PA | Commercial Security Agreement | 07/06/2016 | $400,000.00 |
| Loan 9828 | CVE Ltd. | Security Agreement | 07/06/2016 | $1,200,000.00 |
| Loan 66-26 | CVE Ltd. | Commercial Security Agreement | 06/09/2017 | $400,000.00 |
| Loan 41-18 | CVE Tucson | Commercial Security Agreement | 07/19/2017 | $1,125,000.00 |
| Loan 41-59 | CVE Tucson | Commercial Security Agreement | 07/19/2017 | $1,175,000.00 |
| Loan 58-34 | CVE AZ Optometry | Commercial Security Agreement | 07/19/2017 | $150,000.00 |
| Loan 58-42 | CVE AZ Optometry | Commercial Security Agreement | 07/19/2017 | $315,000.00 |

18. In connection with the Loans, Defendants also executed the following guaranties (collectively, with all renewals, extensions, modifications, and/or changes in terms agreements, the "**Guaranties**") on the dates, and by the parties indicated below:

---

[1] PNC Bank is not seeking to enforce its rights in the collateral covered by the Security Agreements in this proceeding and reserves its right to do so in accordance with the Security Agreements. To the extent PNC Bank exercises any remedy against such collateral as permitted by the Security Agreements, any proceeds obtained will be credited to any judgment in this matter. *See* Tex. Prop. Code § 51.003; *see* Tex. Prop. Code § 51.005; *see In re Gayle*, 189 B.R. 914, 918 (Bankr. S.D. Tex. 1995); *see Grant v. U.S. Dept. of Veteran's Affairs*, 827 F. Supp. 418, 421 (S.D. Tex. 1993).

| Loan No. | Parties to the Agreement | Title | Date | Amount |
|---|---|---|---|---|
| Loan 9879 | Dr. Hochman | Guaranty | 07/06/2016 | $400,000.00 |
| Loan 9828 | Dr. Hochman, the PA | Guaranty | 07/06/2016 | $1,200,000.00 |
| Loan 41-18 | Dr. Hochman, the PA, CVE Ltd., CVE AZ Optometry | Commercial Guaranty | 07/19/2017 | $1,125,000.00 |
| Loan 41-59 | Dr. Hochman, the PA, CVE Ltd., CVE AZ Optometry | Commercial Guaranty | 07/19/2017 | $1,175,000.00 |
| Loan 58-34 | Dr. Hochman, the PA, CVE Ltd., CVE Tucson | Commercial Guaranty | 07/19/2017 | $150,000.00 |
| Loan 58-42 | Dr. Hochman, the PA, CVE Ltd., CVE Tucson | Commercial Guaranty | 07/19/2017 | $315,000.00 |

19. Together, the Notes, Loan Agreements, Security Agreements, and Guaranties are collectively referred to herein as the "**Loan Documents**."

**B. The Settlement Agreement.**

20. In or around January 2020, Defendants defaulted on the Loans. Accordingly, on February 3, 2020, PNC Bank sent various Notices of Default and Notices of Maturity to Defendants regarding Defendants' default on the various loans.

21. Thereafter, PNC Bank and Defendants spent several months negotiating a workout solution that would be acceptable to all parties, which ultimately culminated in the parties executing a Settlement Agreement dated April 5, 2021 (the "**Settlement Agreement**"). A true and correct copy of the Settlement Agreement is attached hereto as **Exhibit B** and fully incorporated herein by reference.

22. Through the recitals and paragraph 1 of the Settlement Agreement, Defendants acknowledged and agreed that Defendants had defaulted on all of the Loans and that the Loans

had matured according to the original terms of the Notes and/or through PNC Bank's acceleration of the maturity date post-default. The Defendants further acknowledged the balances owing on each of the Loans and acknowledged and agreed that interest, late charges, expenses, and attorney's fees would continue to accrue until fully paid.[2]

23.   In exchange for PNC Bank's agreement to refrain from taking any further actions to enforce its rights and remedies under the Loan Documents, the Defendants agreed to (i) make monthly payments of principal, through December 2021, on each of the Loans according to the following table (*see* Ex. B at ¶ 4):

| Loan No. | Monthly Payment |
|---|---|
| ▓▓▓▓9879 | $ 2,405 |
| ▓▓▓▓9828 | $ 7,191 |
| ▓▓▓▓66-26 | $ 4,762 |
| ▓▓▓▓41-18 | $ 9,037 |
| ▓▓▓▓41-59 | $ 13,988 |
| ▓▓▓▓58-34 | $ 1,786 |
| ▓▓▓▓58-42 | $ 1,965 |

and (ii) pay the full indebtedness owed on the Loans, including but not limited to the unpaid principal, accruing interest, and all late fees, expenses, and attorneys' fees and costs, in a balloon payment on or before December 31, 2021. *See* Ex. B at ¶ 6. With regard to accruing interest, PNC Bank agreed to refrain from applying the default rate of interest of 18% per annum and instead calculate interest at a rate of 4% per annum, *provided* that Defendants fully complied with the terms of the Settlement Agreement; otherwise, in the event of breach, the Parties agreed interest

---

[2] The Settlement Agreement also references a loan ending in "6727." This loan is not at issue in this lawsuit.

would be calculated at the default rate of 18% per annum from the date of maturity of each loan until the indebtedness is fully paid. *See* Ex. B at ¶ 5.

24. The Settlement Agreement further contained cross-default and cross-collateralization provisions, whereby Defendants agreed and reaffirmed, respectively, that (i) a breach of the Settlement Agreement would constitute an event of default under each of the Loans, and that an event of default under any of the Loans would constitute a default under all of the other loans and the Settlement Agreement and (ii) any and all collateral securing each of the Loans secures all of the other Loans. *See* Ex. B at ¶ 13 and ¶ 14.

**C. Defendants Default Under the Settlement Agreement.**

25. Defendants breached and defaulted on the Settlement Agreement by failing to fully pay off the Loans by December 31, 2021 as required by the Settlement Agreement.

26. To date, Defendants have failed to pay off the outstanding indebtedness owing on the Loans, and thus remain in default on the Agreement and all of the Loans.

27. As of July 31, 2022, Defendants, jointly and severally, owe the following amounts in connection with each of the Loans that is the subject of the Settlement Agreement:

| **Loan No. / Party** | **Principal** | **Interest** | **Late Charges** | **Other Costs** | **Total** |
|---|---|---|---|---|---|
| Loan 9879 The PA | $160,064.41 | $42,880.47 | -- | $1,392.90 | **$204,337.78** |
| Loan 9828 CVE, Ltd. | $458,962.14 | $123,481.77 | -- | $5,015.28 | **$587,459.19** |
| Loan 66-26 CVE, Ltd. | $323,808.00 | $88,900.87 | -- | -- | **$412,708.87** |
| Loan 41-18 CVE Tucson | $614,531.43 | $168,717.56 | $20,476.76 | -- | **$803,725.75** |
| Loan 41-59 CVE Tucson | $951,192.00 | $261,147.05 | -- | -- | **$1,212,339.05** |

| | | | | | |
|---|---|---|---|---|---|
| Loan 58-34 CVE AZ Optometry | $121,424.00 | $33,337.31 | -- | -- | **$154,761.31** |
| Loan 58-42 CVE AZ Optometry | $133,587.79 | $35,650.26 | $3,059.43 | -- | **$172,297.48** |

28. The amounts owed will continue to accrue interest at such default rate of 18% per annum and other fees and charges until paid, including attorney's fees and costs in accordance with the terms of the Agreement and the Loan Documents.[3]

### IV. CLAIMS

**Claim 1: Breach of Contract**
(against all Defendants)

29. Plaintiff incorporates herein by reference paragraphs 1 through 28 above.

30. Defendants entered into a valid and binding contract with PNC Bank when they executed the Settlement Agreement. PNC Bank performed all of its obligations under the Settlement Agreement.

31. Defendants breached and are in default under the Settlement Agreement given their failure to pay the entire outstanding indebtedness owing on the Loans by December 31, 2021.

32. As of July 31, 2022, the full amount of principal, interest (at the default rate of 18% per annum from April 5, 2021, the effective date of the Settlement Agreement, through July 31, 2022), late fees, and other costs (excluding attorneys' fees) due on the Loans is as follows:

---

[3] Defendants made certain partial payments after December 31, 2021, and the same have been properly credited to the outstanding loan balances. When PNC Bank received such partial payments after the maturity date of the Settlement Agreement, PNC Bank sent a reservation of rights letter to Defendants to expressly inform them that they remained in default as the partial payments were insufficient to cover the full indebtedness due and owing, and that PNC Bank's receipt and acceptance of any partial payments was not and should not be construed as a waiver of rights, an agreement to reinstate, review, extend, modify or amend, or an agreement to forbear from exercising its rights and remedies. Reservation of rights letters and communications have been sent to Defendants on March 31, 2022, June 3, 2022, June 20, 2022, and July 26, 2022.

| Loan No. / Party | Principal | Interest | Late Charges | Other Costs | Total |
|---|---|---|---|---|---|
| Loan 9879 The PA | $160,064.41 | $42,880.47 | -- | $1,392.90 | **$204,337.78** |
| Loan 9828 CVE, Ltd. | $458,962.14 | $123,481.77 | -- | $5,015.28 | **$587,459.19** |
| Loan 66-26 CVE, Ltd. | $323,808.00 | $88,900.87 | -- | -- | **$412,708.87** |
| Loan 41-18 CVE Tucson | $614,531.43 | $168,717.56 | $20,476.76 | -- | **$803,725.75** |
| Loan 41-59 CVE Tucson | $951,192.00 | $261,147.05 | -- | -- | **$1,212,339.05** |
| Loan 58-34 CVE AZ Optometry | $121,424.00 | $33,337.31 | -- | -- | **$154,761.31** |
| Loan 58-42 CVE AZ Optometry | $133,587.79 | $35,650.26 | $3,059.43 | -- | **$172,297.48** |
| | | | **TOTAL** | | **$3,547,629.43** |

33. This total amount owed will continue to accrue interest at the default rate of 18% per annum and other fees and charges until paid in full, in accordance with the terms of the Settlement Agreement. Defendants are liable for these amounts under the Settlement Agreement and the underlying Notes. Dr. Hochman is liable for these amounts under the Settlement Agreement and the underlying Guarantees.

34. The Defendants' default and breach of the Settlement Agreement with regard to the Loans has caused PNC bank to incur damages for which it now sues.

## V. CONDITIONS PRECEDENT

35. All conditions precedent for the bringing of this suit have been performed or have occurred.

## VI.     ATTORNEY'S FEES

36.     Plaintiff incorporates herein by reference paragraphs 1 through 35 above.

37.     Pursuant to the terms of the Settlement Agreement and the Loan Documents, Defendants agreed to pay PNC Bank such additional sums for expenses and attorney's fees as the court may adjudge reasonable in the event PNC Bank should commence suit to enforce its rights under those documents. Defendants' conduct has required PNC Bank to hire the undersigned attorneys to bring this suit. As a result of Defendants' conduct, PNC Bank is entitled to recover its reasonable attorneys' fees for bringing this suit in the trial court and on any appeals of this suit.

38.     In addition, Plaintiff is entitled to recover its attorney's fees pursuant to Tex. Civ. Prac. & Rem. Code §§ 38.001 *et seq*. Defendants' conduct has required Plaintiff to hire the undersigned attorneys to prosecute this suit. Plaintiff has presented the claims described above to Defendants. As a result of Defendants' conduct and failure to comply with their contractual obligations, Plaintiff is entitled to recover its reasonable attorney's fees for prosecuting this suit in the trial court and on any appeals of this suit.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants be cited to appear and answer herein, and that upon hearing and trial, Plaintiff recover Judgment from Defendants as follows:

1.  All outstanding indebtedness owing on the Loans, including principal, interest, late fees, and other expenses in accordance with the terms of the Settlement Agreement and the Loan Documents;
2.  Reasonable attorney's fees through trial, with contingent awards in the event of appeals;
3.  Pre-judgment interest at the contractual rate of 18% per annum, and post-judgment interest at the same contractual rate or as allowed under the law;
4.  All costs of court; and
5.  Any and all further relief, both in law and in equity, to which Plaintiff may be deemed justly entitled.

Date: October 31, 2022.

        Respectfully submitted,

        **DAVIS & SANTOS, PLLC**

By:   */s/ Sarah Santos*
      Sarah Santos
      **Attorney-in-Charge for Plaintiff**
      State Bar No. 24040955
      Southern District No. 602646
      E-mail: *ssantos@dslawpc.com*
      Landon Hankins
      State Bar No. 24100924
      Southern District No. 3370321
      E-mail: *lhankins@dslawpc.com*
      719 S. Flores Street
      San Antonio, Texas 78204
      Telephone: (210) 853-5882
      Facsimile: (210) 200-8395

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2022, a true and correct copy of this document was sent to the following by the following methods:

| | | |
|---|---|---|
| Leslie M. Luttrell | _____ | Regular Mail |
| Luttrell + Carmody Law Group | _____ | CMRRR |
| One International | _____ | Hand Delivery |
| 100 N.E. Loop 410, Suite 615 | _____ | Facsimile |
| San Antonio, Texas 78216 |    X    | E-mail |
| Telephone: (210) 426-3600 | | |
| E-mail: luttrell@lclawgroup.net | | |

*Counsel for Defendants*

        */s/ Sarah Santos*
        Sarah Santos