Exhibit A-1

PROMISSORY NOTE

| | | |
|---|---|---|
| **$400,000.00** | **LAREDO, TEXAS** | **JULY 6, 2016** |

FOR VALUE RECEIVED, the undersigned **MICHAEL A. HOCHMAN, M.D., P.A., (a Texas Professional Association)** ("Maker", whether one or more), hereby promises to pay to the order of **COMPASS BANK** ("Holder") in the City of **Laredo, Webb** County, Texas, in lawful money of the United States of America, the principal sum of **FOUR HUNDRED THOUSAND AND NO/100THS DOLLARS ($400,000.00)** or so much thereof as may be advanced and outstanding, together with interest on the principal balance from time to time remaining unpaid from the date of advance until the Maturity Date (as hereinafter defined) at the rate hereinafter provided.

**Maturity Date**: As used herein, the "Maturity Date" for this Note shall be the first to occur of acceleration in accordance with the terms of this Note, or **JANUARY 6, 2024.**

**Interest Rate**: Prior to the Maturity Date of this Note, interest on the principal balance advanced and outstanding shall accrue at a **fixed rate of 4.50% per annum.**

All payments of interest shall be computed on the per annum basis of a year of 360 days and for the actual number of days elapsed unless such calculations would result in a usurious rate, in which case interest shall be calculated on the per annum basis of a year of 365 or 366 days, as the case may be.

**Maximum Interest Ceiling:** To the extent that Texas law establishes the maximum ceiling, the parties elect the Weekly Rate Ceiling under Chapter 303 of the Texas Finance Code, which title may also be cited as the Texas Credit Title.

**Payment of Principal and Interest**: This Note is due and payable as follows, to-wit:

> **During the first six (6) month term of this Note, the accrued, unpaid interest** on the principal balance of this Note advanced and outstanding **is due and payable in monthly installments** beginning on **AUGUST 6, 2016** and continuing regularly and monthly on the **6th** day of each calendar month until **JANUARY 6, 2017.**
>
> Thereafter Advanced Principal and accrued unpaid interest are payable in eighty-four (84) monthly installments, the first eighty-three (83) of which shall be **in such amount which will be provided by Holder**, based on the Total Amount advanced and outstanding at the end of the first six month term of this Note and calculated on the basis of a seven (7) year amortization.
>
> The first installment of principal and accrued interest shall be due and payable on **FEBRUARY 6, 2017,** and a like installment will be due and payable on the **6th** day of each and every succeeding calendar month thereafter until **JANUARY 6, 2024** (the "Maturity Date"), when all accrued and unpaid interest and all unpaid principal shall

be payable in full.

Interest will be calculated on the unpaid principal balance to date of each payment. Each payment will be first applied to reduce the amount owed for charges which are neither interest nor principal, including but not limited to any late charges and insurance and tax escrow, if any. The remainder of each payment, if any, will be applied first to reduce accrued and unpaid interest and then any remaining amount will be applied to unpaid principal.

In any event, all principal, and all accrued and unpaid interest, shall be due and payable in full on the Maturity Date, whether such maturity occurs by acceleration or otherwise. All payments called for hereunder shall (a) be paid in lawful money of the United States of America in federal or other immediately collected funds, which, at the time of payment is legal tender for the payment of public and private debts; and (b) be made to the Holder at 700 San Bernardo, Laredo, Texas 78040, or at such other address as the Holder may from time to time designate in writing to Maker.

**Security**: This Note will be secured by a security interest against equipment ("Equipment") to be granted in favor of Holder by Maker's execution and deliver to Holder of a Security Agreement and amendments thereto, pursuant to Maker's request to Holder for draws for the purchase such Equipment, under such terms and conditions described herein and in the Loan Agreement.

**This Note is further secured by Guarantee Agreement** executed by **MICHAEL A. HOCHMAN.**

**This Note is further secured by Loan Agreement:** This Note and the Security Documents shall be further secured and subject to all of the provisions of that one certain Loan Agreement of even or near date herewith, executed by and between **COMPASS BANK, MICHAEL A. HOCHMAN, M.D., P.A., (a Texas Professional Association), and MICHAEL A. HOCHMAN .**

The Security Agreement, the Loan Agreement, the Guaranty and all other documents or instruments securing or to secure the Note are sometimes collectively referred to herein as the "Security Documents."

**Purpose:** This Note represents funds to be advanced to Maker pursuant to request for draws for the purpose of purchasing new and used medical equipment ("Equipment") for its medical practice, pursuant to such terms and conditions set forth below. Interest on any portion of the outstanding principal balance shall accrue only from and after the date of each advance from the respective date thereof. The terms and conditions of for such advances are described as follows:

1. Maker will, from time to time, during the first six (6) month term of the Loan, deliver to Holder a list of new and/or used equipment to be purchased. Holder will advance funds, based on the purchase invoices, on the basis of ninety percent (90%) of the cost of new equipment and eighty percent (80%) of the cost of used equipment; and

2.  Such advances will only be dispersed within six (6) months from the date of closing of this Loan; and

3.  Any funds not drawn within such six (6) month period shall collapse and no further advances will be made by Holder to Maker; and

4.  Each advance will be made to purchase specific Equipment and a list of such Equipment will be provided to Holder prior to its dispersing of any advance to Maker.

5.  Maker will deliver to Holder an executed Security Agreement against the Equipment to be purchased; and will deliver to Holder an amendment to such Security Agreement, upon request of any future or additional advance

Maker represents and warrants to Holder and to all other owners and holders of this Note, that the loan evidenced hereby is for business, commercial, investment, agricultural or other similar purposes, and not primarily for personal, family, or household use, as such terms are used in the Texas Finance Code. In no event shall the provisions of Chapter 346 of the Texas Finance Code (which regulates certain revolving credit accounts, revolving loan accounts and revolving tri-party accounts) apply to the loan evidenced by this Note.

**Limitation On Interest**: This Note and all documents securing it have been executed under and shall be construed and enforced in accordance with the laws of the State of Texas, except to the extent United States federal law permits Holder to contract for, charge or receive a greater amount of interest or otherwise preempts state law. It is expressly stipulated and agreed to be the intent of Maker and Holder to at all times comply strictly with the applicable usury laws now or hereafter governing consideration contracted for, charged or received under the Note, Security Documents or any other agreements between the parties. This Note and all agreements between Maker and Holder which are now existing or hereafter arising are hereby expressly limited so that in no event whatsoever shall the amount paid, or agreed to be paid to Holder for the use, forbearance or detention of money to be loaned hereunder or otherwise exceed the maximum amount permissible under applicable law. If, from any possible construction of any document, interest would be otherwise payable in excess of the maximum amount permitted by applicable law, any such construction shall be subject to the provisions of this paragraph and such document shall be automatically reduced to the maximum rate permitted by law, without the necessity of the execution of any amendment or new document. If the applicable law is ever revised, repealed or judicially interpreted so as to render usurious any consideration called for, contracted for, charged, taken, reserved or received with respect to the Note, the Security Documents, or any other agreement between the parties, or if Holder should ever receive anything of value deemed interest under applicable law which would exceed interest at the highest lawful rate, or if any prepayment by Maker, or Holder's exercise of the options herein contained to accelerate the maturity of this Note, results in Maker having paid any interest in excess of that permitted by applicable law, then notwithstanding anything to the contrary in this Note, the Security Documents or any other agreement between the parties, it is Maker's and Holder's express intent and agreement that all excess amounts theretofore collected by Holder be credited on the principal balance of this Note (or, if this Note has been paid in full, refunded to Maker) and the provisions of this Note, the Security Documents and any other agreements, shall immediately be deemed reformed and the amounts thereafter collectible hereunder and thereunder reduced, without the necessity of the execution of any new documents, so as to comply with the then applicable law, but so as to permit the recovery of the

greatest amount otherwise called for hereunder and thereunder. The right to accelerate the maturity of this Note does not include the right to accelerate any interest which has not otherwise accrued on the date of such acceleration, and Holder does not intend to collect any unearned interest in the event of acceleration. All consideration paid or agreed to be paid to the Holder that constitutes interest under applicable law shall, to the extent permitted by applicable law, be amortized, prorated, allocated, and spread throughout the full term of the indebtedness of Maker to Holder (including the period of any renewal or extension hereof) so that the rate of interest on account of such indebtedness is uniform throughout the term hereof and so that the rate of interest on account of such indebtedness does not exceed the usury ceiling from time to time in effect and applicable to the loan evidenced by this Note for so long as the debt is outstanding. The term "applicable law" and similar terms used herein refer to the law in effect on the date of the first disbursement under this Note; provided that if the law is subsequently revised to permit more interest to be charged on the loan evidenced by this Note, then Holder and Maker agree that to the extent permitted by law, such revised law shall be the "applicable law" as used herein. The provisions of this paragraph shall control all agreements between the Maker and the Holder.

**Payment Disclosure:** Maker agrees that all loan fees and other prepaid charges are earned fully as of the date of the loan and will not be subject to refund, except as required by law. Subject to the prepayment fee and other conditions provided in this Note, if any, Maker may pay all or a portion of the amount owed before it is due. Prepayment in full shall consist of payment of the remaining unpaid principal balance together with all accrued and unpaid interest and all other amounts, costs and expenses for which Maker is responsible under this Note or any other agreement with Holder pertaining to this loan before such amounts are due, whether such prepayment arises from a voluntary or involuntary prepayment, acceleration of maturity, or any other cause or reason. Prepayment in part shall consist of payment of any portion of the unpaid principal balance before it is due, whether such prepayment arises from a voluntary or involuntary prepayment, acceleration of maturity, or any other reason. Unless, otherwise agreed by Holder in writing and provided that Maker is current on all amounts due, payments applied to the loan before Holder's creation of a billing statement for the next payment due will be applied entirely to principal, and payments applied to the loan after the creation of such billing statement will be applied according to that billing statement. Unless otherwise agreed by Holder in writing and provided that Maker is current on all amounts due, payments applied to this Note before Holder's creation of a billing statement for the next payment due shall not relieve Maker of Maker's obligations to continue making, uninterrupted, payments under this Note.

**Events of Default:** It is hereby agreed that:

    (i)    If default shall be made in the payment of any part of the principal or interest on this Note when due, or in the payment of any other sums due under the Security Agreement or any other Security Documents, if any; or

    (ii)    If default shall be made in the performance or observance of any of the terms, covenants and agreements contained in this Note, the Security Agreement, the Loan Agreement or any other Security Documents securing payment of this Note, or in any instrument executed in connection with this Note;

    (iii)    **If default shall be made in the performance or observance of any of the terms of any other indebtedness, obligations, and liabilities of any kind or character of Maker to**

Holder, now or hereafter existing, absolute or contingent, due or not due, arising by operation of law or otherwise, or direct or indirect, primary or secondary, joint, several, joint and several, fixed or contingent, secured or unsecured by additional or different security or securities, including indebtedness, obligations, and liabilities to Holder of Maker as a member of any partnership, joint venture, trust or other type of business association, or other group, and whether incurred by Maker as principal, surety, endorser, guarantor, accommodation party or otherwise, and any all renewals, modifications, amendments, restatements, rearrangements, consolidations, substitutions, replacements, enlargements, and extensions thereof.

then, without notice or demand, the entire unpaid principal balance of and accrued unpaid interest on this Note, shall, at the option of the Holder hereof, become immediately due and payable.

**Late Charge:** If any installment, whether principal or interest, becomes overdue more than ten (10) days, Holder may collect from Maker a late charge of five percent (5%) of the total amount of the installment, (which amount Maker agrees is reasonable), except on a final balloon installment.

**Post Maturity Interest:** Maker agrees that after the Maturity Date of this Note, whether by acceleration or by the passage of time, matured unpaid principal shall bear interest from date of maturity until paid at the highest written contract rate permitted by applicable law on this transaction, or if no such highest rate is established by applicable law, then at a rate of seventeen and one-half percent (17.50%) per annum. Post Maturity interest shall be due and payable upon demand, and if no demand, then on the first day of each and every month after the Maturity Date. The rights of Holder under this paragraph shall in any event be subject to the limitations set forth in the paragraph captioned "Limitation on Interest".

**Fees and Expenses:** Maker agrees to pay any loan fees, including but not limited to origination fees, allowed by law that may be charged for the loan evidenced by this Note, and all other fees and expenses in connection with this Note which are allowed by law.

If this Note or any instrument securing or collateral to it is given to an attorney for collection or enforcement, or if suit is brought for collection or enforcement, or if it is collected or enforced through probate, bankruptcy, or other judicial proceedings, then Maker shall pay Holder all costs of collection and enforcement (whether or not any judicial action is actually instituted), including reasonable attorney's fees and court costs, in addition to other amounts due, it being understood that Holder shall be entitled to exercise all rights and remedies granted to Holder as a secured creditor under the terms of the Security Agreement or other Security Documents, and all other remedies which Holder shall be entitled to under the law.

**WAIVERS:** EXCEPT FOR SUCH NOTICES AS MAY BE REQUIRED BY ANY OTHER PROVISIONS IN THIS NOTE, EACH MAKER AND ALL SURETIES, ENDORSERS, GUARANTORS AND ANY OTHER PARTY NOW OR HEREAFTER LIABLE FOR THE PAYMENT OF THIS NOTE IN WHOLE OR IN PART, HEREBY JOINTLY AND SEVERALLY (i) WAIVE DEMANDS FOR PAYMENT, PRESENTATIONS FOR PAYMENT, NOTICE OF NONPAYMENT, PROTEST, NOTICE OF PROTEST, NOTICE OF INTENT TO ACCELERATE MATURITY, NOTICE OF ACTUAL ACCELERATION OF MATURITY AND ALL OTHER NOTICES, FILING OF SUIT AND DILIGENCE IN COLLECTING THIS NOTE OR ENFORCING ANY OF THE SECURITY HEREFOR, (ii) AGREE TO ANY SUBSTITUTION, SUBORDINATION, EXCHANGE OR

RELEASE OF ANY OF SUCH SECURITY OR THE RELEASE OF ANY PARTY PRIMARILY OR SECONDARILY LIABLE HEREON, (iii) AGREE THAT THE HOLDER HEREOF SHALL NOT BE REQUIRED FIRST TO INSTITUTE SUIT OR EXHAUST ITS REMEDIES HEREON AGAINST THE MAKER, OR ANY ONE OF THEM, OR OTHERS LIABLE OR TO BECOME LIABLE HEREON, OR TO ENFORCE ITS RIGHTS AGAINST THEM OR ANY SECURITY HEREOF, (iv) CONSENT TO ANY EXTENSION OR POSTPONEMENT OF TIME OF PAYMENT OF THIS NOTE AND TO ANY OTHER INDULGENCE WITH RESPECT HERETO WITHOUT NOTICE THEREOF TO ANY OF THEM AND WITHOUT AFFECTING THEIR LIABILITY HEREUNDER.

Holder shall not be deemed, by any act of omission or commission, to have waived any of its rights or remedies under this Note or any of the Security Documents unless such waiver is in writing and signed by Holder, and then only to the extent set forth in writing. The failure of Holder to exercise any remedy or option shall not constitute a waiver on the part of Holder of the right to exercise any remedy or option at any other time. The acceptance by Holder of any payment hereunder that is less than payment in full of all amounts due and payable at the time of such payment shall not constitute a waiver of the exercise of any remedy or option at that time or at any subsequent time, or nullify any prior exercise of any remedy or option without the express written consent of Holder.

**Acceleration Upon Assumption**: Maker expressly acknowledges and agrees that this Note may not be assumed by any other person or legal entity without the express written consent of the Holder of this Note, which consent may be withheld by Holder in its sole discretion. In the event such assumption occurs without Holder's written consent, Holder shall have the option of accelerating indebtedness evidenced by this Note and declaring the then unpaid principal balance and accrued unpaid interest immediately due and payable.

**Acceleration Upon Disposition**: In the event of a sale, lease, transfer, conveyance, assignment or any other disposition of all or any portion of, or interest in, the Property securing this Note, or the beneficial ownership interest in Maker, without the prior written consent of Holder, which consent may be withheld by holder in its sole discretion, then Holder shall have the option of accelerating the indebtedness evidenced by this Note and declaring the then unpaid principal balance and accrued unpaid interest immediately due and payable.

**No Accord and Satisfaction**: Maker agrees not to send Holder payments marked "paid in full," without recourse," or similar language. If Maker sends such a payment, Holder may accept it without losing any of Holder's rights under this Note, and Maker will remain obligated to pay any further amounts owed or that may become owed to Holder. All written communications concerning disputed amounts, including any check or other payment instrument that indicates that the payment constitutes "payment in full" of the amount owed or that is tendered with other conditions or limitations or as full satisfaction of a disputed amount, must be mailed or delivered to: **Compass Bank, P.O. Box 3096, Birmingham Alabama 35202.**

**Notices**: Unless otherwise provided in this Note, all notices hereunder shall be given at the following addresses:

| If to Maker: | MICHAEL A. HOCHMAN, M.D., P.A. |
| --- | --- |
| | (a Texas Professional Association) |
| | 5313 McPherson Road |
| | Laredo, Texas 78041 |
| If to Holder: | COMPASS BANK |
| | P. O. Box 10343 |
| | Birmingham, Alabama 35203 |

Any party may change its address for notice purposes upon giving thirty (30) days prior notice thereof in accordance with this paragraph. All notices given hereunder shall be in writing and shall be considered properly given if mailed by first-class United States Mail, postage prepaid, or by delivering same to the intended addressee. Any notice mailed as above provided shall be deemed effective upon its deposit in the custody of the U.S. Postal Service; all other notices shall be effective upon actual receipt.

Governing Law: THIS NOTE IS EXECUTED AND DELIVERED AS AN INCIDENT TO A LENDING TRANSACTION NEGOTIATED AND CONSUMMATED IN THE STATE OF TEXAS AND EXCEPT TO THE EXTENT THAT FEDERAL LAWS PRE-EMPT THE LAWS OF THE STATE OF TEXAS SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF TEXAS, WITHOUT REGARD TO THE CONFLICT OF LAWS PROVISIONS THEREOF. MAKER, FOR ITSELF AND ITS SUCCESSORS AND ASSIGNS, HEREBY IRREVOCABLY (I) SUBMITS TO THE NONEXCLUSIVE JURISDICTION OF THE STATE AND FEDERAL COURTS IN TEXAS, (II) WAIVES, TO THE FULLEST EXTENT PERMITTED BY LAW, ANY OBJECTION THAT IT MAY NOW OR IN THE FUTURE HAVE TO THE LAYING OF VENUE OF ANY LITIGATION ARISING OUT OF OR IN CONNECTION WITH ANY INSTRUMENTS SECURING, EVIDENCING OR RELATED TO THE INDEBTEDNESS BROUGHT IN THE DISTRICT COURT OF WEBB COUNTY, TEXAS, OR IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS, LAREDO DIVISION, (III) WAIVES ANY OBJECTION IT MAY NOW OR HEREAFTER HAVE AS TO THE VENUE OF ANY SUCH ACTION OR PROCEEDING BROUGHT IN SUCH COURT OR THAT SUCH COURT IS AN INCONVENIENT FORUM, AND (IV) AGREES THAT ANY LEGAL PROCEEDING AGAINST ANY PARTY TO ANY INSTRUMENTS SECURING, EVIDENCING OR RELATED TO THE INDEBTEDNESS ARISING OUT OF OR IN CONNECTION WITH ANY OF THE INSTRUMENTS SECURING, EVIDENCING OR RELATED TO THE INDEBTEDNESS MAY BE BROUGHT IN ONE OF THE FOREGOING COURTS. MAKER AGREES THAT SERVICE OF PROCESS UPON IT MAY BE MADE BY CERTIFIED OR REGISTERED MAIL, RETURN RECEIPT REQUESTED, AT ITS ADDRESS SPECIFIED HEREIN. NOTHING HEREIN SHALL AFFECT THE RIGHT OF HOLDER TO SERVE PROCESS IN ANY OTHER MANNER PERMITTED BY LAW OR SHALL LIMIT THE RIGHT OF HOLDER TO BRING ANY ACTION OR PROCEEDING AGAINST MAKER OR WITH RESPECT TO ANY OF MAKER'S PROPERTY IN COURTS IN OTHER JURISDICTIONS. THE SCOPE OF EACH OF THE FOREGOING WAIVERS IS INTENDED TO BE ALL ENCOMPASSING OF ANY AND ALL DISPUTES THAT MAY BE FILED IN ANY COURT AND THAT RELATE TO THE SUBJECT MATTER OF THIS TRANSACTION, INCLUDING, WITHOUT LIMITATION, CONTRACT CLAIMS, TORT CLAIMS, BREACH OF DUTY CLAIMS, AND ALL OTHER COMMON LAW AND STATUTORY CLAIMS. MAKER ACKNOWLEDGES THAT THESE WAIVERS ARE A MATERIAL INDUCEMENT TO HOLDER'S

AGREEMENT TO ENTER INTO AGREEMENTS AND OBLIGATIONS EVIDENCED BY ANY INSTRUMENTS SECURING, EVIDENCING OR RELATED TO THIS INDEBTEDNESS, THAT HOLDER HAS ALREADY RELIED ON THESE WAIVERS AND WILL CONTINUE TO RELY ON EACH OF THESE WAIVERS IN RELATED FUTURE DEALINGS. THE WAIVERS IN THIS SECTION ARE IRREVOCABLE, MEANING THAT THEY MAY NOT BE MODIFIED EITHER ORALLY OR IN WRITING, AND THESE WAIVERS APPLY TO ANY FUTURE RENEWALS, EXTENSIONS, AMENDMENTS, MODIFICATIONS, OR REPLACEMENTS, IN RESPECT TO THIS NOTE AND THE APPLICABLE INSTRUMENTS SECURING, EVIDENCING OR RELATED TO THE INDEBTEDNESS EVIDENCED BY THIS NOTE.

**Number and Gender; Parties**: In this Note the singular shall include the plural and the masculine shall include the feminine and neuter gender, and vice versa, if the context so requires. The term "Holder" means Compass Bank or, if applicable, any subsequent holder of this Note.

**Headings**: Headings at the beginning of each paragraph of this Note are intended solely for convenience of reference and are not to be construed as being a part of the Note.

**Time of Essence**: Time is of the essence with respect to every provision hereof.

**Joint and Several Liability**: If this Note is executed by more than one party, each such party shall be jointly and severally liable for the obligations of Maker under this Note.

**Successors and Assigns**: The terms and conditions hereof shall inure to the benefit of and be binding upon the successors and assigns of the parties hereto; provided, however, that Maker may not assign this Note or any loan funds, or assign or delegate any of its rights or obligations, without the prior written consent of Holder in each instance.

**Other Collateral:** Collateral securing other loans with Holder may also secure this loan. To the extent collateral previously has been given to Holder by any person that may secure this loan, whether directly or indirectly, it is specifically agreed that, to the extent prohibited by law, all such collateral consisting of household goods will not secure this loan. In addition, if any collateral requires the giving of a right of rescission under the Truth in Lending Act for this loan, such collateral also will not secure this loan unless and until all required notices of that right have been given.

**Cross-Default with "Hedge" Agreement**: *Intentionally Deleted.*

EXCULPATION PROVISIONS    EACH OF THE PARTIES HERETO SPECIFICALLY AGREES THAT IT HAS A DUTY TO READ THIS NOTE AND THE OTHER LOAN DOCUMENTS AND AGREES THAT IT IS CHARGED WITH NOTICE AND KNOWLEDGE OF THE TERMS OF THIS NOTE AND THE OTHER LOAN DOCUMENTS; THAT IT HAS IN FACT READ THIS NOTE AND IS FULLY INFORMED AND HAS FULL NOTICE AND KNOWLEDGE OF THE TERMS, CONDITIONS AND EFFECTS OF THIS NOTE; THAT IT HAS BEEN REPRESENTED BY INDEPENDENT LEGAL COUNSEL OF ITS CHOICE THROUGHOUT THE NEGOTIATIONS PRECEDING ITS EXECUTION OF THIS NOTE AND THE OTHER LOAN DOCUMENTS; AND HAS RECEIVED THE ADVICE OF ITS ATTORNEY IN ENTERING INTO THIS NOTE AND THE OTHER LOAN DOCUMENTS; AND THAT IT RECOGNIZES THAT CERTAIN OF THE TERMS OF THIS NOTE AND THE OTHER LOAN DOCUMENTS RESULT IN ONE PARTY ASSUMING THE LIABILITY INHERENT IN SOME ASPECTS OF THE TRANSACTION AND RELIEVING THE OTHER PARTY OF ITS RESPONSIBILITY FOR SUCH LIABILITY. EACH PARTY

HERETO AGREES AND COVENANTS THAT IT WILL NOT CONTEST THE VALIDITY OR ENFORCE ABILITY OF ANY EXCULPATORY PROVISION OF THIS NOTE AND THE OTHER LOAN DOCUMENTS ON THE BASIS THAT THE PARTY HAD NO NOTICE OR KNOWLEDGE OF SUCH PROVISION OR THAT THE PROVISION IS NOT "CONSPICUOUS."

THIS LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE. THE BANK IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE BANK YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME BANK.

IN WITNESS WHEREOF Maker has duly executed this Note as of the day and year first above written.

                          MICHAEL A. HOCHMAN, M.D., P.A.
                          (a Texas Professional Association)

                          By: _____
                          MICHAEL HOCHMAN, President

Signature page to **$400,000.00** Promissory Note dated **July, 6, 2016,**.executed by **MICHAEL A. HOCHMAN, M.D., P.A. (a Texas Professional Association)**, in favor of **COMPASS BANK**.